BENJAMIN S. WARD and wife MARY A. N. WARD v. SHADE
WOOTEN.

A makes a deed of gift to B and afterwards conveys the land to C in trust
to secure creditors. C sells under the deed in trust and the purchaser
goes into immediate possession, B, the donee in the deed of gift, never
having been in possession of the land. *Held*, that the deed in trust is
valid against the deed of gift under the statute 27 Elizabeth, as being a
subsequent sale to a purchaser for valuable consideration, and the pur-
chaser, at the trustee's sale, gets a good title.

A limitation over to A in a deed of gift to B, is valid as a covenant to stand
seized to the use of A, under the rule *ut res magis valeat quam pereat.*

CIVIL ACTION, for the recovery of the possession of a tract
of land, tried before SEYMOUR, J., at Fall Term, 1874, of the
Superior Court of GREENE County, upon the following state-
ment of facts agreed :

I. Joseph Rasberry, by deed bearing date June 25th, 1847,
(a copy of which is attached) conveyed the lands in contro-
versy to his son, Joseph J. A. Rasberry ; that the latter died
intestate and without issue on the 10th day of April, 1858.

II. That the plaintiff, Mary A. N. Ward, is the person
mentioned in said deed, to be heir of said land in the event
therein named.

III. That the said Joseph Rasberry, by deed on the 16th
November, 1849, conveyed said land in fee to Alfred Moye,
in trust for the payment of his debts.

IV. That said Moye, in performance of said deed to him,
sold and conveyed said lands in fee to Benjamin Streeter
and William Turnage on December 5th, 1854.

V. That said Benjamin Streeter and William Turnage
went into the immediate possession of said lands after the
deed to them.

VI. That the title to said lands in fee has, by successive
conveyance, come to the defendant.

VII. That the said Benjamin Streeter and William Turnage, and the persons claiming under them, including the defendant, have been in the adverse possession of said lands since the 5th day of November, 1854.

VIII. That the said Joseph Rasberry died in July, 1854.

IX. That the said Joseph J. A. Rasberry left as his heirs five brothers and five sisters, the plaintiff, Mary A. N. Ward, being one of his sisters.

X. That the plaintiff, Mary A. N. Ward, was born December 17th, 1845, and married first one Cummins, before she was twenty-one years of age; that her husband, Cummins, died in 1867, and she married the plaintiff, Ward, on November 3d, 1870.

If the Court shall be of opinion that the plaintiff, Mary A. N. Ward, is entitled to possession of the whole of said lands, judgment shall be given accordingly. If the Court shall be of opinion that she is entitled to one undivided tenth, judgment shall be given accordingly, and if the Court shall be of opinion that she is not entitled to possession of any part of said lands, judgment shall be given against the plaintiffs for costs.

The deed from Joseph Rasberry to Joseph J. A. Rasberry was as follows:

" This indenture made this the 25th day of June, A. D. 1847: I, Joseph Rasberry, of Greene, and State of North Carolina, for and in consideration of the natural affection and love which I have unto my well beloved son Joseph John Allen Rasberry, as also for divers other good causes and considerations now at this time especially moving, have given, granted and by these presents do give, grant and confirm unto said Joseph John Allen Rasberry, all and singular, two hundred and fifty-seven acres of land, bounded as follows: [here follows a description of the land,] except my life estate in the said land, also my wife Priscilla's life or widowhood, to the same. It is my desire, if the said Joseph John

Allen Rasberry should die without a lawful heir, that my
daughter Mary Ann Nancy should be heir of the said land,
I, Joseph Rasberry, do freely give to my son Joseph John
Allen Rasberry, his heirs and assigns forever.    I, the said
Joseph Rasberry, do covenant to and with the said Joseph
John Allen Rasberry in warranting and defending the right
and the title of the aforesaid tract of land free and clear from
the lawful claim or claims of any and all persons whatever,
unto him, his heirs and assigns forever.

In witness whereof, I have hereunto set my hand and seal
the day and year above written.

JOSEPH RASBERRY, [Seal.]"

The deed of trust from Joseph Rasberry to Moye, dated
November 16th, 1849, was an ordinary trust for securing
certain debts.

Upon the above statement of facts agreed, his Honor gave
judgment that plaintiffs were entitled to recover the whole
tract of land.   From which judgment the defendant appealed.

*Moore & Gatling,* for appellants.
*Keenan & Murray* and *F. A. Woodard,* contra.

PEARSON, C. J.   We concur with his Honor in the con-
clusion, that although the limitation over to his daughter
cannot be supported as a contingent remainder, and would
be void treating the deed of Joseph Rasberry      a common
law conveyance; still under the *ut res magis valeat,* &c., the
Court will give effect to it as a *covenant to stand seized to the
use of his daughter,* by way of a conditional limitation.   We
also concur with him in the conclusion that the clause of the
deed " excepting my life estate, also my wife Priscilla's life
or widowhood," can only have the effect of saving her right
to have dower in case she survived him, in like manner as
if the deed had not been made, and that this saving in favor
of his wife, did not prevent the estate from passing to the

son and then to the daughter, subject to the right of dower, which the wife may even now, as against the plaintiffs, have assigned to her in ca e the plaintiffs recover, as she is still living, and there is no statute of limitations to bar dower.

But upon the facts set out in the case agreed, we are of opinion that the plaintiffs were not entitled to recover upon a point not called to the attention of his Honor and not adverted to in the argument before us.

It is this: After making this covenant to stand seized to the use of his son and daughter, the donor made a deed to Moye in trust to secure certain creditors. Under this deed Moye sold to Streeter and Turnage for valuable consideration, who went into immediate possession, the donees not then being in possession or having had possession at any time before, so as to affect the trustee or the purchasers with notice. Battle's Rev. chap. 50, sec. 2.

It is settled in this State that a deed in trust to sell property and pay certain creditors is supported by a valuable consideration, and is valid against creditors notwithstanding the statute 13th Elizabeth; for the like reason we hold such a deed is valid against a prior deed of gift as being a subsequent sale to a purchaser for valuable consideration under 27th Elizabeth. If this be not so, the sale by Moye to Streetor and Turnage in 1854 was, beyond all room for doubt, a sale for valuable consideration, and there is nothing to affect them with notice.

There is error. Judgment reversed and judgment on the case agreed that the defendant go without day and recover his costs.

PER CURIAM.                              Judgment reversed.